UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-251-HRW

GEORGE SMITH,

                                                                                           PLAINTIFF,

v.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on March 13, 2006, alleging disability beginning on November 15, 2005, due to nerves and depression (Tr. 57-58).

This application was denied initially and on reconsideration. On May 4, 2007, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 7, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-22).

Plaintiff was 38 years old at the time of the hearing decision. He has an 8th grade education and his past relevant work experience consists of work as a forest firefighter and factory worker (Tr. 61. 63).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffered from depression, which he found to be "severe" within the meaning of the Regulations (Tr. 15-17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17-19). In doing so, the ALJ specifically considered listing 12.04.

The ALJ further found that Plaintiff could perform his past relevant work as a forest fire fighter (Tr. 21). The ALJ further determined that he has the residual functional capacity ("RFC") to perform work at all exertional levels with the following nonexertional limitations:

> [H]e is limited to simple, even paced tasks, in an object-focused work setting, with no more than occasional and casual interaction with co-workers or supervisors and no interaction with the public.

(Tr. 19).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 6, 2008 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

**A.    Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in evaluating Plaintiff' testimony regarding his pain, symptoms and limitations; (2) the ALJ failed to adequately consider his pulmonary impairment; (3) the ALJ improperly substituted his own opinion for that of Dr. P.D. Patel and (4) the ALJ's hypothetical to the VE did not adequately address Plaintiff's depression.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ erred in evaluating Plaintiff' testimony regarding his pain, symptoms and limitations.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the

opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ concluded that Plaintiff's medically determinable impairment of depression could reasonably be expected to produce some of the alleged symptoms (Tr. 20). However, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not "entirely credible" in light of the medical evidence of record (Tr. 20). Subjective claims of disabling symptoms must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). For example, consultative examiner Jeanne Bennet, Psy.D, opined that Plaintiff's depression resulted in only mild to moderate impairment in social / occupational functioning (Tr. 112-116). Notably, although during the examination Plaintiff claimed to have a history of psychological problems, the record contains no evidence or reference to such a history or hospitalizations for the same.

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The medical evidence of record simply does not support Plaintiff's

allegation of total disability based upon a psychological, cognitive or other mental disorder.

Further, despite Plaintiff's testimony that he does not like being around people, the record establishes that he visits friends and relatives and attend church on a regular basis and goes shopping (Tr. 112-166).. In addition, the ALJ observed no abnormal social behavior during the hearing (Tr. 18).

Given that the objective medical evidence does not confirm the severity of Plaintiff's complaints, the Court finds no error in the ALJ"s assessment of Plaintiff's credibility.

Plaintiff's second claim of error is that the ALJ failed to adequately consider his pulmonary impairment, thus, warranting remand [Docket No. 10, pg. 9]. Yet, Plaintiff provides no argument in support of this assertion, nor does he cite to portions of the record which might support his claim.

" [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted). *See also, United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's

arguments").

Moreover, Plaintiff alleges disability based upon a mental impairment, not a pulmonary impairment. Notably, the only reference to pulmonary function in the record is a note from the Red Bird Clinic pertaining to a May 16, 2006 examination in which he denies pulmonary problems (Tr. 109).

Simply put, there is nothing in the record which would support a finding of impaired pulmonary function, much less disabling pulmonary problems. Therefore, the Court finds no error in this regard.

Plaintiff also argues that the ALJ improperly substituted his own opinion for that of Dr. P.D. Patel. Again, Plaintiff provides only cursory argument in this regard.

In his report entitled "Neuropsychiatric Consultation" and dated April 27, 2007, Dr. Patel opines that Plaintiff has no useful ability in a large number of mental abilities which would essentially preclude work-related activity (Tr. 189-195). The ALJ did not incorporate these extreme limitations into the RFC finding that Dr. Patel's opinion was not consistent by the other credible medical evidence of record. In doing so, the ALJ specifically referred to Dr. Bennett's assessment and treatment notes from the Cumberland River Comprehensive Care Center (Tr. 21). Those sources confirm Plaintiff's consistent progress and provide substantial

evidence in support of the ALJ's decision.

In addition, it must be noted that Dr. Patel is not a treating source and, thus, his findings are not entitled to special deference or controlling weight. Dr. Patel examined Plaintiff on one occasion, upon referral by Plaintiff's counsel. Indeed, at the end of his report, Dr. Patel specifically stated, "I have not provided care for this patient. I have seen this patient one time for the purpose of evaluating medical impairment" (Tr. 192).

Having reviewed the record, the Court finds no error in the ALJ's consideration of Dr. Patel's assessment.

Finally, Plaintiff contends that the ALJ's hypothetical to the VE did not adequately address Plaintiff's depression. The Court is somewhat perplexed by this assertion as all the limitations included in the hypotheticals related to Plaintiff's mental abilities and restrictions.

The pertinent inquiry is whether the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and*

9

*Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This February 13, 2009.

Signed By:
Henry R Wilhoit Jr.
United States District Judge